UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARINA LOWRIE and
CLIFFORD LOWRIE, JR.,

        Plaintiffs,

    v.

NO. CIV. S-10-468 LKK/GGH

O R D E R

ALLIANCE BANCORP, a California corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a California corporation; PARADISE MORTGAGE CORPORATION, a California corporation; JP MORGAN CHASE BANK, a national financial institution; CALIFORNIA RECONVEYANCE COMPANY, a California corporation; and DOES 1 to 100, inclusive,

        Defendants.
_____/

    On May 17, 2010, the court issued an order to show cause to plaintiff and defendants Paradise Mortgage Corporation ("PMC") for their failure to file status reports. (Dkt. No. 17).

    In response to the order to show cause, counsel for plaintiff paid the $250 sanction. Counsel for defendants PMC filed a response to the order to show cause.

    Counsel for PMC stated that he failed to timely file a status

1

report because plaintiff never served him with the minute order amending the status conference date. Counsel for PMC filed an answer to plaintiff's complaint on March 26, 2010. Counsel admits that he was served with the initial order setting scheduling conference and the requirement to file status reports. The conference was initially set for April 26, 2010. Counsel contends that he was not served with the March 9, 2010 minute order re-setting the scheduling conference to May 17, 2010. Apparently, counsel did not review the docket after appearing in this case.

Counsel for PMC has not shown good cause for his failure to file a status report. Counsel did not file a status report prior to the initially scheduled conference date of April 26, 2010. Nor did counsel appear before this court on April 26, 2010 under the belief that the scheduling conference was set for this day.

For the foregoing reasons, the court issues as follows:

(1) Counsel for plaintiffs shall file an affidavit, which states that the sanction was paid personally by counsel, out of personal funds, and was not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client as attorneys' fees or costs.

(2) Counsel for defendant PMC is SANCTIONED in the amount of two hundred and fifty ($250.00) dollars. This sum shall be paid to the Clerk of the Court no later than thirty (30) days from the date of this order. Counsel shall file an affidavit accompanying the payment of this

1        sanction which states that it is paid personally by
2        counsel, out of personal funds, and is not and will not
3        be billed, directly or indirectly, to the client or in
4        any way made the responsibility of the client as
5        attorneys' fees or costs.
6   IT IS SO ORDERED.
7   DATED:  June 21, 2010.

                            /s/ Lawrence K. Karlton
                            LAWRENCE K. KARLTON
                            SENIOR JUDGE
                            UNITED STATES DISTRICT COURT